### Missouri Pacific Railway Company v. Chas. G. Jones.

No. 2659.

·1. **Employer and Employe.**—A servant in pay of one railway company and employed in the yard and track of another railway company under some agreement between them, is entitled to protection of the law for injuries received from the want of proper care on part of the railway company owning the yard and train in working upon which the injury was caused, although paid by the other railway company.

2. **Same.**—A servant by his employment charged with the duty of working at a common railway yard for several companies is protected against negligence on part of any of the companies upon whose machinery he may be employed, regardless of the question from which of the companies his direct employment came.

3. **Damages Not Excessive.**—In an effort to couple cars plaintiff was injured, thereby losing the use of one hand. *Held,* that a verdict for $6000 damages was not excessive.

Appeal from Tarrant. Tried below before Hon. R. E. Beckham. The opinion states the case.

*Finch & Thompson,* for appellant. —1. A railway allowing another to operate its track is not responsible for injuries to servants of such other corporation occasioned by any defect in its track. Murch v. Railway, 9 Foster, 124.

2. Appellant put appellee upon the proof of his allegations, and in the absence of any proof that appellant had appellee in its employ with power to select and discharge, or that it had any contract with the receivers whereby they were to furnish certain crews to make up its trains, and which was known to appellee when he was employed, or that it was a joint yard for the benefit of all parties, then the verdict of the jury under the proposition of law given by the court was without foundation and void. Burton v. Railway, 61 Texas, 526; Cunningham v. Railway, 51 Texas, 507; Thomp. on Neg., 892–95.

3. The facts of the case show that appellant used reasonable care, and that appellee's failure to exercise the proper care and prudence contributed

to and caused the injury complained of. Railway v. Le Gierse, 51 Texas, 202; Williams v. Railway, 45 Ia., 396; Piquegno v. Railway, 12 Am. and Eng. Ry. Cases, 212; 6 Wait's Act. and Def., 538; 2 Wood's Ry. Law, 1257.

*D. W. Humphreys,* for appellee, cited Railway v. Dorsey, 66 Texas, 148; 17 How., 39; Pierce on Rys., 274; Cool. on Torts, 605; Railway v. Mayes, 49 Ga., 355; Snow v. Railway, 8 Allen, 441; Railway v. Randall, 50 Texas, 254; Railway v. Murphy, 46 Texas, 357; 57 Texas, 181; Railway v. O'Donnell, 58 Texas, 27; Galveston Oil Mill v. Malin, 60 Texas, 645; Railway v. Young, 19 Kans., 488; Railway v. Wilson, 63 Ill., 167.

HOBBY, JUDGE.—It is urged by the appellant that the petition shows no cause of action against it, and that it does show that plaintiff below was not in its employ, and that the defendant owed him no duty.

The averments showing appellant's liability were that one Phaling, the general yard master, employed plaintiff and placed him at work in the yards of the Missouri Pacific Railway Company, to couple and uncouple cars for said company; that this was the result of an agreement between the appellant and the receivers of the Texas Pacific Railway Company, by which the latter were to furnish a crew to make up trains for the Missouri Pacific Railway Company in its yards; that plaintiff and Phaling, the yard master, received their pay from the receivers, but that plaintiff was at the time working for the appellant, and he was injured without fault on his part, but by the negligence of appellant in failing to keep its yard in repair and allowing its road bed and track at the place of injury to become dangerous, by causing its servants to throw out the dirt between the cross ties, thereby leaving deep and dangerous holes, which plaintiff did not see, and which by stepping into in attempting to couple the cars of appellant the injury was done.

These averments were sufficient to establish the relation of master and servant by inference from the service and connection of the companies, and showed the liability of appellant. G. C. & S. F. Ry. Co. v. Dorsey, 66 Texas, 152.

The second assignment is that the evidence did not show that plaintiff was in the employ of appellant, nor did it show that the latter owed him any duty as an employe. That if any liability was shown, it was upon the part of the Texas Pacific Railway Company, in whose employ plaintiff was at the time. The substance of appellant's contention under this assignment is that the case made by appellee showed him to be in the service and pay of one company while recovering damages from another for an accident occurring on its premises, with no proof to sustain the denied averments of a contract by which he was shown to be rightfully

there.   Nor was there proof that appellant controlled the cars where he was at work.

Upon this branch of the case the facts were that appellee was at the time of and several months prior to the injury at work for appellant in its yards at Fort Worth, Texas.   He was employed by Phaling, the yard master, and received his pay from the Texas Pacific Railway Company.   Appellee's duties were to stay in the yard and make up trains. The track on which the injury occurred was kept in repair by appellant. The appellant had control of the yard.   It had the track on which appellee was injured dug out between the ties about a day before appellee was hurt; holes were opened out about where he was injured, and there were no ties to put in them.   The road master was informed of the danger, but the track was left in that condition.

The facts show that appellee was the general servant of the Texas Pacific and the special servant of the appellant.   He performed special services for the latter while the general servant of the former, and while so performing this special service he was the servant of appellant at the time.

There was no proof of an express contract showing the relation of master and servant between appellant and appellee, but the evidence of the service performed by Jones for the Missouri Pacific Railway Company and the connection between the two companies authorized the inference that this relation did exist.

In the case of Railway Company v. Dorsey, cited in Gulf, Colorado & Santa Fe Railway Company v. Dorsey, 66 Texas, 152, the plaintiff was employed to serve the several companies in their respective yards.   It was held that he was the servant of the one in whose yard he was when injured.

The proof, we think, shows that by virtue of some arrangement, the precise nature of which could not be ascertained, between the Texas Pacific and the Missouri Pacific Railway Companies, it was the duty of the appellee, who received his pay from the former company, to switch and couple and uncouple the cars in the yard of the appellant and on its tracks, over which the appellant had exclusive control, and whose duty it was to keep said track in repair; and that at the time of performing these services for the Missouri Pacific he was injured by reason of its negligence.   While engaged in this service for appellant, with its knowledge and under its agreement that the appellee should perform such service, he was the servant of the appellant.   It was immaterial that he was not paid directly by appellant.   The inference was authorized that appellant paid the Texas Pacific for his services, which would be tantamount to a payment to him.   The payment we believe to be immaterial under the facts of this case.   He had for a long time prior to the injury worked for the appellant, and his labor was accepted up to the time of the injury.   These

facts made appellee the servant of appellant in the transaction in which the damage was sustained by reason of the service performed.

The principles announced in Gulf, Colorado & Santa Fe Railway Company v. Dorsey, 66 Texas, fully authorize the recovery in this case against the Missouri Pacific Railway Company, upon the ground of the liability of said company to appellee.    To the same effect is the case of Varny v. B. C. R. & M. R. C., 42 Iowa, 248.

In the case of Snow v. The Housatonic Railway Company, 8 Allen, 441, which is in many of its features analogous to the case under consideration,. Snow was in the employ and pay of the Western Railway Company and operating its cars, and he was allowed to recover damages from the Housa-- tonic Railway Company by reason of its negligence in permitting a hole to remain in its road bed, into which Snow stepped while coupling (as in this case) a moving car of the Western Railway which was passing over the road of the Housatonic Railway.

The next assignment is to the effect that the evidence did not show appellant guilty of negligence which ought to render it liable, and that appellee's want of care produced the injury complained of.

The negligence of the appellant is very clearly shown by the evidence to have consisted in leaving the holes between the cross ties on the track where the injury occurred, and this, too, after being warned of the danger.    It is not made to appear that the appellee had any knowledge of this defect in the track, and it was shown by the evidence that he could not have seen these trenches without stooping down at the time, and this could not be done by reason of the moving cars which prevented it.    There was testimony that it was the duty of the appellee to remain in between the cars after going in on the track and try to effect a coupling.    Some of the testimony of appellant's witnesses indicate that it was his duty to come out and signal the engineer if the coupling was not at first made. The evidence upon this point being conflicting as to whether appellee was himself negligent in the manner in which he conducted himself while endeavoring to make the coupling, as well as whether appellant's track was. in such a condition for the proper discharge of the duties which devolved upon appellee by reason of his employment as he had a right to expect and as it was appellant's duty to have it, were all questions of fact to be determined by the jury, and we can not say that the evidence does not fully support their finding upon this point.    Railway v. Randall, 50 Texas,. 260.

The fifth assignment is that the verdict is excessive; it is for $6000.. The injury was such as to deprive appellee of the use of one hand.    In the case of Galveston Oil Mills v. Malin, 60 Texas, 651, the appellee had the flesh torn from his thumb and finger, and a verdict for $4000 was held not to be excessive.    In the case of the Union Pacific Railway Company v. Young, 19 Kansas, 493, a verdict for $10,000 was decided not to,

be excessive for the amputation of a hand.   As has been repeatedly said,. this is a question peculiarly within the jury's province to determine, and it is only where it is made to appear that they have abused the discretion lodged in them will their action be set aside on this ground.

We think there is no error in the judgment, and that it should be affirmed.

*Affirmed.*

Adopted November 19, 1889.