CHARLES DILLINGHAM, RECEIVER, V. JOHN T. CRANK ET AL.

No. 146.

## 1. Joint Liability—Master and Servant.

Suit for damages for personal injuries suffered while plaintiff was alleged to have been in employ of the receiver. The defendant sought to avoid liability by showing that plaintiff was in employ of another railway company whose track was used by the receiver. On the trial the testimony was conflicting as to the employment of the plaintiff by the receiver. The injury was upon the track of defendant. The court charged substantially, " that it was unimportant that the plaintiff was in the service of the other railway company, provided he was in the employ of the receiver at the same time." This is a correct proposition of law. If he was in the employment of both the company and the receiver, and was performing a joint service for both, both owed him the duty of furnishing a safe track.......................... ..... 107

## 2. Payment of Wages.

It was not error to refuse an instruction giving prominence to the fact, if found, that plaintiff was paid for his work at the time injured by another railway company. He may have been in the service of the receiver, and may at the same time have been paid by the other company. Such payment was a fact, but not a controlling fact, for the jury ......................................................... 107

## 3. Lessee of Railway Owes Duty to Keep Safe Track.

It appearing that the receiver was operating trains upon the line where the injury happened, in such case his liability would arise from his want of care to furnish a safe track................................. 108

## 4. Rights upon Railway Track Crossing Telephone Line.

The telephone line was established before the track of the railway was constructed. It is to be presumed that it was rightfully established. The railway company has no right to demand that the telephone company shall elevate its wire in the absence of some contract, or of appropriate proceedings condemning the right of way under the wire. The plaintiff was injured by a fall from a car passing under the telephone wire; the wire caught him and caused his fall. In such case it can not be conceded that the telephone company was primarily negligent, and that the receiver controlling the car was only secondarily or incidentally negligent. It was not error to refuse judgment in favor of the receiver over against the telephone company for the damages found for the injury ..................................................... 108

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Grayson County.

*Dillard & Muse* and *Head & Dillard*, for plaintiff in error Dillingham, receiver.—1. The liability of the telephone company was based on its negligence in constructing and maintaining its wire, and as to it, it would be immaterial as to whose servant the plaintiff was; but the liability of the other defendants was based on the duty they owed to the

plaintiff as their alleged servant, and the evidence having raised the issue as to which one of these defendants the plaintiff was working for at the time he was injured, it was error for the court to withdraw this issue from the jury. Railway v. Dessommes, 15 S. W. Rep., 806; Railway v. Dorsey, 66 Texas, 148; Railway v. Jones, 75 Texas, 151.

2. Where the active negligence of one defendant causes an injury, and the passive negligence of another defendant renders him liable to the injured person by reason of some duty he owed him, the one whose active negligence caused the injury is liable over to the other defendant for any judgment that may be rendered against him for such injury. Railway v. Hathaway, 75 Texas, 557; Cool. on Torts, 2 ed., 170, 1 ed., 144, 147; Chicago v. Robing, 2 Black., 418; Lowell v. Railway, 34 Am. Dec., 23, and note; Kirkwood v. Miller, 73 Am. Dec., 147, note; Armstrong County v. Clarion County, 5 Am. Rep., 368; Railway v. Slavens, 12 Am. State Rep., 558.

*John W. Wray,* for Southwestern Telegraph and Telephone Company.— Appellant presents a counter-proposition to Dillingham's. When joint defendants who contribute in any degree (whether passively or actively makes no difference) to the injury of the plaintiff, they are jointly liable for the consequences; the law will not undertake to measure their respective degrees of culpability, but satisfies itself with creating a joint liability wherever it finds the defendants contributing to the injury. Markham v. Navigation Co., 73 Texas, 247; Halsey v. Woodruff, 9 Pick., 555; Ricker v. Freeman, 50 N. H., 420; Sedg. on Dam., 8 ed., sec. 431.

*Randell & Wolfe,* for defendant in error. — Plaintiff below, Crank, having received his injuries while working under the direction and control of Daffan, who was the superintendent of both the Central Texas & Northwestern Railway Company (of which Charles Dillingham, appellant, was president), and superintendent for said Dillingham, receiver of the Houston & Texas Central Railway, and as such superintendent having control of the track, train, and crew when and where plaintiff was injured, the receiver, Dillingham, appellant, will not be heard to say, and is estopped from saying, appellee was not in his employment; and the question of what party may have paid for the day's work is rendered immaterial.

GAINES, ASSOCIATE JUSTICE.—This is a writ of error to the Court of Civil Appeals from a judgment affirming a judgment of the District Court in favor of defendant in error Crank, against the plaintiff in error and the Southwestern Telegraph and Telephone Company, also made a defendant in error in this court. Crank, the plaintiff below, made both Dillingham, as receiver, and the telephone company parties defendant,

and recovered jointly against both.   The suit was for damages for personal injuries.

At the time when the alleged injury occurred Dillingham was receiver of the property of the Houston & Texas Central Railway Company, and was operating, in connection with the main line of that company's road, a branch extending from Garrett through Waxahachie to Fort Worth. This branch consisted of two sections of railway, one of which belonged to the Central Texas & Northwestern Railway Company, of which Dillingham was president, and the other to the Fort Worth & New Orleans Railway Company.   The latter was leased to Dillingham as receiver of the Houston & Texas Central.

Before the accident occurred, the plaintiff was employed upon the Houston & Texas Central's main line as a brakeman, but at the time of the accident had been put to work in the same capacity on the Garrett and Fort Worth branch.   In the city of Waxahachie the Fort Worth & New Orleans company had a spur track, which at the time mentioned was used only for the purpose of switching.   This track passed under a wire belonging to the defendant telephone company.   The plaintiff being upon the top of a box car belonging to a train which was being driven over this track, and being there in the discharge of his duty, was caught by the wire and thrown from the car and injured.

The defendant Dillingham sought upon the trial to evade liability by showing that at the time of the accident the plaintiff was not in his employment as receiver, but in the employment of the Central Texas & Northwestern Railway Company.   He offered evidence tending to show that the plaintiff, while working on the branch road, was paid by the last named company.

On the other hand, the plaintiff testified, that he was at the time in the service of the receiver, and was paid from the same car from which he received pay while working on the main line.   His coemployes on the train at the time of the accident also testified that they were at the time of the accident in the employment of the receiver.   They were the receiver's own witnesses.

Upon this issue the trial court gave the following instruction:

"If plaintiff was in the employment of Charles Dillingham, receiver of the Houston & Texas Central Railway, and was also in the employment of the Central Texas & Northwestern Railway Company, in other words, if you believe that plaintiff was in the joint employment of the above named parties, but you also believe that plaintiff was injured while working along the Fort Worth & New Orleans Railway, and you believe that such last named road had been leased to said Dillingham as receiver aforesaid, then if plaintiff was in the employment of the Central Texas & Northwestern Railway, and received injury, it would be immaterial in this case."

In the application for the writ of error it is complained, that the Court of Civil Appeals erred in not holding this charge erroneous; and in the same connection it is also complained, that that court should have sustained an assignment to the effect that the trial court erred in refusing to give the following instruction:

"If you believe from the evidence, that at the time the plaintiff was injured he was working for and being paid by the Central Texas & Northwestern Railway Company, and not for this defendant as receiver of the Houston & Texas Central Railway Company, you will find in favor of Charles Dillingham, even though you may believe upon other days he did work for and was paid by Charles Dillingham. The question is, for whom was he at work and in whose pay was he at the time he received his injuries?"

It is claimed that the charge which was given by the court withdrew from the jury the question whether at the time of the accident the plaintiff was in the employment of the Central Texas & Northwestern Railway Company; but we do not think that such is its proper construction. It was the evident intention to instruct the jury, that it was unimportant that the plaintiff was in the service of the company last mentioned, provided he was in the employment of the receiver at the same time. This is a correct proposition of law. If he was in the employment of both the company and the receiver, and was performing a joint service for both, both owed him the duty of furnishing a safe track. Railway v. Dorsey, 66 Texas, 148; Railway v. Jones, 75 Texas, 151.

The instruction complained of was a part of the general charge; and in the general charge the right of the plaintiff to recover is predicated upon a finding by the jury that he was at the time of the accident in the employment of the receiver.

The charge which was asked by the receiver, and which was refused by the trial court, was objectionable, for the reason that it puts undue stress upon the question whether at the time of the injury the plaintiff received payment for his services from the receiver or from the Central Texas Company. He may have been in the service of the receiver, and may at the same time have been paid by that company. If in fact in the receiver's service, it was immaterial who paid him. If the plaintiff received his pay from the railway company, this was a fact to be considered by the jury in determining whether or not he was then in the employment of the receiver; but it was not a controlling fact in determining the ultimate question of the liability of the receiver, provided it was found from all the evidence that he was in the receiver's service.

But the instruction which was refused was objectionable on still another ground. The accident occurred on a track belonging to the Fort Worth & New Orleans Railway Company. The road of the last mentioned company was leased to Dillingham, as receiver of the Houston & Texas Cen-

tral Company, and was operated by him as such receiver. It was his duty to furnish a safe track, and he was liable to any one who was injured by his failure to discharge that duty, whether the person injured was his employe or not. The instruction requested, in effect, denied this liability. If it had been given, it would have been the duty of the jury to find a verdict for Dillingham, without reference to the fact that the accident was caused by a defective track, which it was his duty to maintain in a safe condition.

The receiver claimed in his answer, that if the plaintiff was entitled to recover, the telephone company was primarily liable for the injury; and prayed that in the event of a recovery against him, he should have judgment for the amount over against his codefendant. The evidence in relation to this matter was, that the telephone line was established before the railway was constructed at the point where the lines intersected. A pole which supported the wire next to the track of the railway had been broken in two, and one of the pieces had been set up in place of the original pole, with a splice at the upper end, in order to increase its height. There was testimony that the wire at the place of repair was of the average height of the wire throughout the line. But upon this point there was a conflict. The repair was made about twelve months before the accident; but if there was any testimony to show whether the railway had been then constructed or not, we have not found it in the very voluminous statement of facts found in the transcript. The brief for plaintiff in error does not refer us to any such testimony

The telephone line being established when the track of the railway company was constructed, it is to be presumed that it was rightfully so established; and we are of opinion, that the railway company had no right to demand that the telephone company should elevate its wire, in the absence of some contract or of appropriate proceedings condemning the right of way under the wire, and conferring the right to entail upon the telephone company the burden of elevating its line at the point of intersection.

In such a case, we see no ground for the claim of the receiver, that his negligence was merely passive, while that of the telephone company was active; or in other words, that the telephone company was primarily negligent, and that he was only secondarily or incidentally negligent. If it had been shown that when the railway was constructed the wire was sufficiently high to permit brakemen upon the top of box cars to pass under it in a standing position, and that after the track was constructed the wire was lowered so as to make it dangerous to the employes of the receiver, then we would have had a different case. The charge of the court upon this branch of the case was quite favorable to the plaintiff in error.

We find no error in the judgments, and they are affirmed.

*Affirmed.*

Delivered June 4, 1894.