## WILLIAMS v. GULF REFINING CO.
### (No. 2399.)

(Court of Civil Appeals of Texas. Texarkana. March 28, 1921. Rehearing Denied April 7, 1921.)

Explosives ⚭8 — Master and servant ⚭332 (3) — Evidence held to justify affirmative charge on issue of negligence and agency.

In action against an oil company for negligence in leaving oil barrels not completely emptied in the rear of a grocery store, where during a fire burning the store and other buildings the barrel exploded and injured plaintiff while assisting in extinguishing the fire, a directed verdict for defendant held proper, the evidence showing that defendant used the same method as other oil companies in delivering, emptying, and removing their oil barrels, and indicating that the drayman in charge of such delivery and removal by any method he saw fit to use was not defendant's agent or servant, but an independent contractor.

Appeal from District Court, Hunt County; Wm. Pierson, Judge.

Action by Sidney J. Williams against the Gulf Refining Company. From judgment for defendant, plaintiff appeals. Affirmed.

Evans & Starnes, of Greenville, and Black & Smedley, of Austin, for appellant.

Clark & Sweeton, of Greenville, for appellee.

HODGES, J. The appellant was injured by the explosion of an oil tank on the morning of February 12, 1917. He later filed this suit against the appellee, the owner of the tank, to recover damages. It was alleged that during a fire which occurred in the town of Lone Oak one of the barrels or metal tanks belonging to the appellee which had been negligently left or stored behind one of the burning buildings became heated and exploded; that the head of the tank was blown a distance of 45 feet and struck the appellant while he was assisting others to extinguish the fire. At the conclusion of the plaintiff's evidence the court instructed the jury to return a verdict for the defendant. The briefs indicate that this charge was prompted by the conclusion that the plaintiff's own evidence failed to make out a case of actionable negligence.

The following is, in substance, the evidence relied on: Lone Oak is a small town situated on the Missouri, Kansas & Texas Railway not far from Greenville. It contained a number of grocery stores, all of which kept and sold coal oil, among them being the firm of Strickland & Haney. This firm occupied a brick building behind which ran a public street or alley about 35 feet wide. In the rear of this store were situated two oil tanks used by the firm for storing oil purchased

from the appellee for the benefit of its retail trade. On Saturday morning preceding the fire, which occurred Sunday night, Strickland & Haney had purchased and caused to be emptied into their tanks three barrels of oil aggregating about 150 gallons. In emptying the barrels a rotary pump was used. By reason of the construction of this pump the entire contents of the barrels could not be removed, and usually there remained sometimes less than a gallon of oil after the tanks were emptied. Those emptied upon that occasion were not removed at the time of the fire. At about 12:30 Monday morning or Sunday night, a fire originated in a restaurant three doors from the store occupied by Strickland & Haney. The flames soon spread to and enveloped their store. The citizens generally responded with buckets and endeavored to arrest the fire. Among those who were out on that occasion was the appellant. After the flames reached the store of Strickland & Haney the oil tanks which had been left there became heated and one of them exploded, with the results before stated. The tanks had been delivered by one Dodd, a drayman of Lone Oak. It had for some time been Dodd's business to deliver the appellee's tanks to customers at Lone Oak. He also removed them when emptied, and delivered them at the depot for the purpose of being reshipped to Greenville. It was the usual custom of Dodd to leave both full and empty tanks in the rear of the store of Strickland & Haney. This was done with the permission of the firm. The evidence showed that other oil companies did a similar business in Lone Oak, and that it was the prevailing custom for the tanks to be left for several days on or near the premises where they were emptied. It was also shown that the rotary pump was generally used for emptying those tanks. The only evidence of Dodd's agency was the fact that he sometimes solicited orders for oil, delivered the oil when shipped, and returned to the railway station the empty tanks. One witness upon whom the plaintiff relied testified that he formerly held the same position and was succeeded by Dodd. That witness received as compensation 50 cents per tank for delivering the oil and returning the empty tanks. The company exercised no control over the manner in which he conducted his business. He was at the same time engaged in other employment. The evidence further showed that Dodd was engaged generally in the business of drayman in the town of Lone Oak, and that this service rendered for the appellee was only a part of his employment.

Appellant, of course, had the burden of proving not only that the appellee was guilty of negligence in allowing oil tanks to remain upon the premises of Strickland & Haney, but that Dodd was their authorized agent for removing those tanks. In the case of Taylor v. White (Com. App.) 212 S. W. 657, the Commission of Appeals said:

"The best evidence of the degree of care which an ordinarily prudent person would have exercised under given circumstances is the degree of care which ordinarily prudent persons engaged in the same kind of business customarily have exercised and commonly do exercise under like circumstances.

"The evidence without controversy shows that exciters of like kind were in general used throughout the country, and that no guard rails were provided in any of the plants using these machines to protect the employés. The custom of others engaged in like business is not the absolute test of negligence, but where the undisputed evidence shows affirmatively, as it does in this case, that the defendant was conducting his business in accordance with the uniform custom of persons engaged in like business, it devolves upon the plaintiff, before he can recover, to produce evidence showing that such custom was negligent. In the absence of such testimony, the legal presumption is that those engaged in like business were reasonably prudent in the conduct of their business, and that they discharged their legal obligations for the safety of their servants."

To the same effect is the opinion of Justice Sanborn in Canadian Northern Ry. Co. v. Senske, 201 Fed. 644, 120 C. C. A. 72:

"In such cases the best test of actionable negligence and the true standard for the measurement of ordinary care is the degree of care which persons of ordinary intelligence and prudence, engaged in the same kind of business, commonly exercise under like circumstances. If the care exercised in the case rises to or above that standard, there is no actionable negligence. If it falls below that standard, there is."

According to the plaintiff's own testimony other oil companies were doing the same kind of business in the town of Lone Oak and pursuing the same methods in delivering, emptying, and removing their tanks. An empty oil barrel is not a nuisance per se. The evidence does not show any law or ordinance prohibiting their storage temporarily or for any length of time behind stores. Those tanks necessarily had to be kept at some place. Had they been delivered at the depot, a fire in that vicinity would have created as great a menace to the safety of the citizens as that which arose on this occasion. It does not appear that the probability of fire was any greater at one place in the town than in any other. The complaint here is, not that the tanks were not removed out of the city limits or stored in some particular place, but that they were not carried from one point in the town to another point, the depot. There was no danger from the tanks except that which arose from a fire, and the peril of a fire might have been as great in one place as in another. The fact that the tanks were stored on or near a street did not increase the liability of

injury; for the appellant was not injured while using the highway as a traveler, but while assisting in extinguishing a fire. Furthermore, it was shown that the merchants who sold oil kept it in varying quantities on their premises. Strickland & Haney had two tank reservoirs near where the appellee's tank stood on that occasion. There is nothing to indicate that the tanks belonging to Strickland & Haney constituted less of a menace during a conflagration than did the tanks belonging to the appellee. We know judicially that petroleum oil is an inflammable substance; that when heated an explosive gas is generated; that gas was as liable to accumulate in the tanks kept by the retail merchants as in the containers used by the oil company. The appellant knew that the building behind which these tanks were stored was burning. He also knew that the tanks were exposed to the flames. His personal exposure to the danger was purely voluntary. The result in this case would have been the same had the tanks been left at the place only a few minutes before the fire. It is therefore immaterial that they remained there many days or hours. It was the fact that they came in contact with the flames, and not because they had been on the premises any particular length of time, that caused the injury.

Counsel for appellee also insisted that the evidence failed to establish the agency of Dodd. If Dodd's employment was like that of the appellant's witness who testified that he immediately preceded Dodd, it is doubtful if the latter could be considered the personal representative of the appellee. This testimony rather indicates that he was a private contractor employed only for the purpose of transporting the tanks. He had the right to use any method he saw fit to deliver and remove those tanks. The following authorities strongly support the conclusion that Dodd occupied the position of an independent contractor: Western Indemnity Co. v. Prater, 213 S. W. 356; Warrior-Pratt Coal Co. v. Shereda, 183 Ala. 118, 62 South. 721; Higrade Lignite Co. v. Courson, 219 S. W. 230.

We are of the opinion that the evidence justified the court in giving the peremptory instruction, and the judgment is affirmed.