**PRUDENTIAL BUILDING & LOAN ASSOCIATION v. SHAW, Banking Commissioner.**

Motion No. 9091; No. 1352—5489.

Commission of Appeals of Texas, Section A.
May 7, 1930.

Turner, Rodgers & Winn, of Dallas, for relator.

Robert Lee Bobbitt, Atty. Gen., W. Dewey Lawrence, Asst. Atty. Gen., and John W. Goodwin, of Austin, for respondent.

CRITZ, J.

On motion for rehearing relator, Prudential Building & Loan Association, complain only of that part of our original opinion [26 S.W. (2d) 168] defining the right of borrowing

stockholders, because we did not define such rights as affected by section 40, of chapter 61, Acts 2nd Called Sess. of the 41st Legislature, 1929, as originally enacted (Vernon's Ann. Civ. St. § 881a–39), or said section 40 as amended by the Act of the Fifth Called Session of the same Legislature, 1930.

As originally enacted, and as it existed at the time our original opinion was prepared, section 40 read as follows:

"*Repayment of Loans.* Any loan made by a building and loan association may be repaid at any time after three months has elapsed from the time of making such loan, provided the borrower shall pay the principal due thereon (less the withdrawal value of the shares transferred as security therefor), loan expenses, the premium due and the interest accrued at the time of such repayment, and all sums advanced by the association for taxes, assessments or insurance premiums, with interest thereon; and in addition thereto interest on the principal repaid for the period of three months after the date of repayment. Any borrower desiring to retain the shares may repay his loan without claiming credit for the withdrawal value of such shares, whereupon such shares shall be retransferred to the borrower and shall be free from any claim by reason of said loan. If any such association is in process of voluntary liquidation, the shares of a borrowing member shall be entitled to full participation in the assets of such association, and their value as thus determined shall be applied upon the indebtedness of such member. If any such association is in process of involuntary liquidation, the minimum value of the shares owned by the borrowing member, which amount is to be applied by the receiver upon the indebtedness of the member, must be not less than the actual dues payments made by such borrower upon his shares plus credited dividends less any lawful charges owing upon such shares."

As amended by the Act passed by Fifth Called Session of the Forty-First Legislature on March 17, 1930, section 40, now reads as follows:

"*Repayment of Loans.* Any loan made by a building and loan association may be repaid at any time after three months have elapsed from the time of making such loan, provided the borrower shall pay the principal due thereon (less the withdrawal value of the shares transferred as security therefor), loan expenses, the premium due and the interest accrued at the time of such repayment, and all sums advanced by the association for taxes, assessments or insurance premiums, with interest thereon; and in addition thereto interest on the principal repaid for the period of three months after the date of repayment. Any borrower desiring to retain the shares

may repay his loan without claiming credit for the withdrawal value of such shares, whereupon such shares shall be retransferred to the borrower and shall be free from any claim by reason of said loan. If any such association is in process of either voluntary or involuntary liquidation, the payments made by such borrower, plus credited dividends, less any lawful fees, fines, penalties or advances owing by such member on his shares of stock, shall be applied on the indebtedness owing by such borrower, who shall have the same time for payment at the same rate of interest as would have been required if said association were not in liquidation."

In our original opinion we construed section 57 of the 1929 Act (Vernon's Ann. Civ. St. § 881a–56), and the rights of borrowing and nonborrowing shareholders thereunder. In doing this we did not attempt to pass on or construe section 40 of the 1929 Act, or to define the rights of borrowing members thereunder. Also, at the time the original opinion was actually prepared, the amendment of 1930 had not been passed, and the original opinion therefore does not, and could not have any reference to such amendment.

With the above explanation, we recommend that the motion for rehearing be overruled.