### HARDIN et al. v. SAN ANTONIO BUILDING & LOAN ASS'N.

#### No. 9131.

Court of Civil Appeals of Texas. San Antonio.

June 28, 1933.

B. H. Oxford, of Mission, for appellants.
Hill & Greer, of Mission, for appellee.

SMITH, Justice.

Sid L. Hardin and wife and J. H. Smith are appellants, and San Antonio Building & Loan Association is appellee. As stated in the latter's brief: "On April 15, 1927, Thos. W. Blake conveyed to S. L. Hardin Lot 21 in Block 4 of the Blake Addition to the City of Mission, Hidalgo County, Texas, and in the deed reserved a vendor's lien to secure the payment of a note for $4,500.00, executed by Hardin and payable to the order of Blake. Afterwards, Thos. W. Blake assigned the above described note and the lien securing same to plaintiff below, the San Antonio Building and Loan Association, and Hardin and wife executed a new deed of trust upon the property to secure plaintiff in the payment of a note in the sum of $4,500.00."

The note executed by Hardin and here sued on was made by its terms to bear interest at the rate of 9 per cent. per annum, payable in monthly installments as it accrued.

At the time he executed said note, Hardin purchased 45 shares of stock (of the par value of $100) in the association, certificate of which was deposited with, and pledged to, the association to secure Hardin's obligations. The principal of the note was made payable "at maturity, on the books of" the association, of said 45 shares of stock.

Hardin made no payments to the association, upon either the notes or the stock subscription, but conveyed the land and the shares of stock to J. H. Smith, who, as part consideration for the conveyances, assumed payment of said note and stock subscription.

Smith paid a number of installments of interest upon the notes, as well as upon the purchase price of the stock, but finally defaulted in both, whereupon the association brought this action to recover the principal of the note as well as unpaid interest, and for foreclosure, after crediting the principal of the note with the payments which had been made on the stock, plus dividends which had been earned by the stock. The association recovered as prayed for, and both Hardin and Smith have appealed.

Both Hardin and Smith set up the defense of usury, and sought to offset their debt with the statutory penalty of double the amount of interest Smith had paid on the note, as provided for in the usury statute. Article 5069 et seq., R. S. 1925. That defense failed, for various reasons.

It appears from the record, as stated, that contemporaneously with the loan he obtained from appellee Hardin purchased 45 shares of stock in the association, of the par value of $100 per share, to be paid for by him in monthly installments, or "dues," of $22.50. It was provided in the contract of purchase that appellee should hold this stock as security for the purchase money thereof, as well as additional security for the loan. And it was also agreed between the parties that, in de-

fault of the payment of any installment of interest upon the loan, or of dues upon the stock, the association was authorized at its option exercisable after four months to declare the debt due and foreclose upon the security, in which event the shares of stock would be forfeited to the association, which was required thereupon to credit the note with the "withdrawal" value of the 45 shares of stock, to wit, the amount of the dues paid thereon, plus such dividends as the stock had earned. This agreement was carried out to the letter by appellee in this case, in specific compliance with the provisions of the Building and Loan Act (article 852 et seq.).

By this process Hardin became a borrower from appellee as well as a shareholder in its capital stock, a dual relation incident to the building and loan plan of operation now universally recognized in this country, and specifically recognized and upheld by the statutes and decisions of this state.

Appellants contend that this contract in fact presented but one transaction whereby Hardin simply borrowed $4,500, and that his purchase of stock in the building and loan association was but a mere fictional cloak or device to cover usurious interest; that the so-called "dues" paid upon the purchase of stock were in fact payments on the principal of the note, which was thereby reduced $22.50 per month, while the interest payments upon the full amount of the note were nevertheless continued, thereby affecting the transaction with the taint of usury.

We overrule this contention. The contract here in controversy was one expressly authorized in detail by our statutes, and the validity of those statutes, and of this character of contract thereunder, has been expressly upheld by our courts. Jones on Mortgages, § 638; R. S. 1925, arts. 857–860; Continental S. & B. Ass'n v. Wood (Tex. Civ. App.) 33 S.W.(2d) 770; Id. (Tex. Com. App.) 56 S.W.(2d) 641; Interstate B. & L. Ass'n v. Goforth, 94 Tex. 259, 59 S. W. 871; International B. & L. Ass'n v. Abbott, 85 Tex. 220, 20 S. W. 118; Prudential B. & L. Ass'n v. Shaw, 119 Tex. 228, 26 S.W.(2d) 168, 27 S.W.(2d) 157; Fidelity B. & L. Ass'n v. Thompson (Tex. Com. App.) 45 S.W.(2d) 167; Sweeney v. El Paso B. & L. Ass'n (Tex. Civ. App.) 26 S. W. 290; Blakeley v. El Paso B. & L. Ass'n (Tex. Civ. App.) 26 S. W. 292.

While the judgment should be affirmed upon other grounds as well, it is deemed sufficient here to base affirmance upon the conclusions that the contract was a lawful one specifically recognized and approved by our statutes; that appellee performed its obligations thereunder; that appellants defaulted in the obligations therein imposed upon them, and cannot now complain of the remedy invoked against them in pursuance of the terms of said contract.

The judgment is affirmed.