## HUGHES et ux. v. SECURITY BUILDING & LOAN ASS'N.

### No. 9128.

Court of Civil Appeals of Texas. San Antonio.

June 28, 1933.

B. H. Oxford, of Mission, for appellant.

Geo. F. Dohrn, of Mission, and Ike S. Kampman, of San Antonio, for appellee.

SMITH, Justice.

It appears that W. P. Anderson owned a house and lot in the city of Mission, and agreed to sell the property to W. O. Hughes for a stipulated consideration, including a $1,600 vendor's lien note to be executed by Hughes in favor of Anderson and converted into cash to be paid Anderson. The idea was that Anderson was to get all cash for the property, by the simple device of procuring a third party to advance the sum in cash upon Hughes' note. This contract was made between Anderson and Hughes and placed in escrow in a bank, to await negotiations.

In this situation Hughes approached W. A. Wolverton, an insurance and real estate broker, and besought him to secure the desired loan, and through him made written application for the loan to the Security Building & Loan Association of San Antonio. The latter considered the application, investigated the moral and financial responsibility of the applicant, had the property appraised by three disinterested citizens of its selection, and made the loan, with Wolverton acting as go-between for both parties, with the understanding that Hughes was to pay him 2½ per cent. commission for securing the loan. The association sent the money, $1,600, to Wolverton, who applied the same under the direction of Hughes, in accordance with the latter's contract with Anderson. Out of the amount an attorney's fee of $15 was paid G. F. Dohrn for examining the title to the property and $40 to Wolverton as commission.

The note of Hughes covering the loan was made to bear 9 per cent. interest, and Hughes contends in this suit that the $15 paid Dohrn, as attorney's fees, and the $40 paid Wolverton, as commission, constitute a part of the interest charged for the loan, and that, when added to the 9 per cent. charged up as such, the rate of interest exceeded the amount allowed by statute, was therefore usurious, and subjected the building and loan association to the statutory penalty. Article 5069 et seq., R. S. 1925. The trial court, in the absence of a jury, held against Hughes, and rendered judgment against him for the amount of principal, interest, and attorney's fees stipulated in the note, and for foreclosure upon the property in question. Hughes has appealed.

Appellant grounds his charge of usury upon the contention that Wolverton and Dohrn were "general" agents, as distinguished from special or limited agents, of the building and loan association; that therefore the items of broker's commission and attorney's fees

must be considered as having been paid to the association, as interest, the rate of which was thereby enlarged beyond the statutory rate, and became usurious.

The implied findings of the trial court, which are supported by the evidence, are against appellant's contention. Those findings are that Dohrn and Wolverton were not general agents of appellee, but were agents of limited authority, whose acts in charging for their individual services in facilitating the loan were in their own behalf and not of appellee's.

The act of an agent, having only special and limited authority, in charging the borrower a fee by way of a commission for making a loan, or for examining title to property to be mortgaged to secure the amount of the loan, is not the act of his principal, and the fee so charged does not render the loan usurious. Jones on Mortgages, § 642.

The rule would be different, so as to charge the lender, if the agent were a general agent, with authority to make loans for the lender in such sums or at such times as he pleases. Jones, § 642a. In this case the agent had no such authority. His authority extended no further than that of receiving and forwarding applications for loans, delivering moneys actually lent, and collecting and remitting installment payments from the borrower. He had no authority whatever to make loans, to pass upon risks, or appraise securities, for appellee. The trial court resolved these issues against appellant, whose contentions thereon must accordingly be overruled. Upon these conclusions we overrule appellant's first and second assignments of error and the propositions thereunder.

In connection with the loan, appellant purchased sixteen shares of stock in appellee association, under the more or less familiar plan of such associations, which are organized and operated under the provisions of title 24, R. S. 1925, as amended by Acts 1929, 41st Leg., 2d Called Sess., p. 100, ch. 61 (Vernon's Ann. Civ. St. art. 881a—1 et seq.). Appellant vigorously protests that he did not know he was purchasing such stock when he contracted in writing therefor, but there is no plea or contention, by pleading or evidence, that he was induced to enter into the contract through any fraud, accident or mistake, and the contract is therefore binding upon him as a matter of course. If he did not read or understand the instrument, it was not because of any lack of opportunity or ability to do so.

Such contracts, as well as the statutes authorizing them, have been upheld in many jurisdictions, including Texas. Under the modern scheme of building and loan associations, stock therein may be issued either to borrowers from the association, or to nonborrowers, and in the former case the stockholder's relation to the association is dual in character, whereby he is both a borrower from as well as a participating member of the association. Such was appellant in this case, and the contract between him and appellee was legal, and binding upon him, and the charges and fees exacted of him thereunder did not render the contract usurious. Jones on Mortgages, § 638; Hensel v. Loan Ass'n, 85 Tex. 215, 20 S. W. 116; International Bldg. & Loan Ass'n v. Abbott, 85 Tex. 220, 20 S. W. 118; Id., 86 Tex. 467, 25 S. W. 620; Continental S. & B. Ass'n v. Wood (Tex. Civ. App.) 33 S.W.(2d) 770; Id. (Tex. Com. App.) 56 S.W.(2d) 641; Prudential B. & L. Ass'n v. Shaw, 119 Tex. 228, 26 S.W.(2d) 168, 27 S.W.(2d) 157. Appellant's third assignment of error will be overruled.

In his fourth assignment of error appellant complains of the refusal of the trial court to adjourn over to give appellant time to procure certain evidence relating to the distribution of the money lent appellant. There was no dispute upon that issue, but, even so, the court did not abuse its discretion in the ruling complained of.

The judgment is affirmed.