**PARKS et ux. v. KELLEY.**

No. 5004.

Court of Civil Appeals of Texas. Amarillo.

March 13, 1939.

J. L. Lackey, of Stinnett, and Joseph H. Aynesworth, of Borger, for appellants.

Boyer, Spivey & McConnell, of Borger, for appellee.

STOKES, Justice.

The record in this case shows that appellants for a number of years operated a drug store at Stinnett, in Hutchinson County. In the early part· of 1927 they employed appellee as a registered pharmacist. Appellee was engaged in other activities and his entire time was not required at the store. His salary began at $30 per month, which he drew until he removed to California. Some 'months after his removal appellants induced him to return and resume his employment, agreeing to pay him $50 per month. After working at the latter salary for some time, he was elected district clerk of Hutchinson County, after which practically all of his time was occupied by his duties at the clerk's office. He spent some of his evenings at appellants' store, however, and assisted them in filling prescriptions, making sales, and attending to other duties over quite a period of time. It seems that his salary was raised and diminished at various times as the circumstances and the amount of time he was able to spend at the store warranted. During most of the time he occupied a room in the building belonging to appellants and about the year 1933 appellants furnished him with a six-room apartment in a brick building. During the two years prior to filing the suit appellee assisted at the store evenings and on Sundays, apparently coming and going at will, until a few weeks before the suit was filed when appellants sold the store.

Appellee filed this suit against appellants on the 16th of September, 1937, the petition being in two counts, the first setting up an indebtedness under a specific contract of $960, due him as salary from January 1, 1935, to August 1, 1937, at the rate of $30 per month. The second count of the petition alleges in the alternative an indebtedness of $960, which he claims appellants owe him upon the theory of a quantum meruit, representing the reasonable value of his services as pharmacist in their store over the period mentioned.

Appellants answered by the general issue and set up a specific agreement by which they alleged appellee agreed to devote to the drug store such time as he was able to spare from his duties at the clerk's office, in consideration of which appellants agreed to furnish him living quarters in the apartment owned by them. They alleged the apartment was furnished, the contract fully· performed, and that they did not owe appellee any sum whatever.

The case was tried before the court without the intervention of a jury and resulted in a judgment in favor of appellee in the sum of $675, from which appellants have perfected an appeal.

The recitals in the judgment indicate the trial court ignored the allegations of appellee setting up a contract and rendered the judgment upon the alleged quantum meruit for personal services rendered by appellee to the appellants extending over the period beginning September 16, 1935, and ending August 1, 1937, at the rate of $30 per month. Appellants challenge the judgment of the court upon a number of grounds, one of which is that neither the pleading nor the evidence was sufficient to constitute a basis. for any judgment in favor of appellee.

■ Referring to the first count in the petition which declared upon an alleged contract, we have carefully read the entire statement of facts and, in our opinion, the trial court properly ignored the allegations seeking recovery upon a specific contract. The statement of facts is devoid of any testimony to the effect that appellants specifically agreed to pay appellee any money whatever for his services during the period covered by his pleading. Appellant, Thomas Parks, testified that several years before appellee filed the suit, it was agreed between him and appellee substantially that appellee would render whatever assistance at the store his duties at the clerk's office would permit and which he desired to render, in consideration of which appellants would permit him to occupy the apartment in which he lived belonging to appellants. This is the nearest the testimony comes. to proving any kind of a contract and the record shows it was fully performed by appellants.

The record shows that at various times during the long period after appellee was first employed by appellants in 1927, his duties were increased and diminished as the circumstances and trade justified and demanded, and that his remuneration was increased or diminished accordingly. Part of the time he drew $50 per month and part of the time he drew $10 per month. There was a portion of the time he was furnished only living quarters and board. The record indicates that during the two years preceding the filing of the suit he spent very little time in the store. During

all this time he occupied the living quarters belonging to appellants and ran an account at the store. At intervals of a few weeks or months he paid his account and the matter of salary or remuneration was never discussed between him and appellants. Appellants sold the drug store some few months before the suit was filed and appellee then paid up his account in full. There is no testimony in the entire record which indicates more than a few occasions upon which appellee performed any services at the drug store during the period covered by his claim for salary.

 The principle upon which one is permitted to recover upon a quantum meruit is that a person is obligated to pay for services rendered to him where he stands by and permits others to perform the services in his behalf under circumstances in which he must reasonably know they are being performed with the expectation of remuneration and he makes no effort to prevent their performance or disabuse the expectant mind of the one who is performing them. The record in this case does not justify the conclusion that appellants knew or had any reason to believe appellee expected additional remuneration for the services which he performed during the period mentioned. In fact, the evidence fails to reveal services of any substantial nature whatever that were performed by appellee during the twenty-two months for which he sues for remuneration. He testified that he stayed at the store on Sundays and of evenings, but he does not say how many Sundays nor how many evenings he spent there nor the amount of work he performed. The fact that he regularly paid his account and said nothing to appellants about salary during all the time, coupled with the fact that he was occupying living quarters belonging to appellants and paying no rental therefor, and the further fact that the services actually performed by him were meager in importance and quantity, we think were amply sufficient to warrant appellants in assuming that appellee did not expect additional remuneration. Dunn v. Price, 87 Tex. 318, 28 S.W. '681; Kirkpatrick et ux. v. Surkey et al., Tex.Civ. App., 32 S.W.2d 904.

There is another reason why appellee was not entitled to recover upon a quantum meruit. It is that he failed to produce any testimony whatever as to the value of his services. He testified that he

thought he was entitled to $30 per month, but other than his own statement in this respect the record is wholly lacking in any testimony concerning the value of the services performed by him. It is elementary that in order to recover upon a quantum meruit for personal services expended in behalf of another, the reasonable value of the services performed must be alleged and proved. Cochran v. Taylor, Tex.Civ.App., 209 S.W. 253.

We have carefully examined the entire record in this case and, being of the opinion that appellee was not entitled to a judgment upon any theory of the case for any sum whatever as revealed by the record before us, and that the judgment rendered by the trial court is not supported by the testimony in the case, the judgment will be reversed and the cause remanded.