raesz 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00224-CV







Donald Lynn Raesz, d/b/a AAA Tile Company, Appellant



v.



PHCG Investments and Topaz Construction Company, Inc., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 92-14630, HONORABLE JERRY DELLANA, JUDGE PRESIDING








 Topaz Construction Company, Inc., a general contractor, subcontracted with
Donald Lynn Raesz d/b/a/ AAA Tile Co. ("Raesz") for the installation of tile at PHCG's
restaurant. As Raesz was completing the tile installation, agents of PHCG and Topaz allegedly
asked Raesz to perform services outside the scope of the contract. These agents promised to pay
Raesz for this extra work. When Topaz and PHCG refused to pay Raesz's final bill for the
"extras," Raesz filed suit.

 In his original petition, Raesz pled both breach of contract and quantum meruit
claims, alleging that: (1) the parties agreed to a labor rate and price of materials used to tile the
property; (2) Raesz fully complied with all terms and conditions of the contract in doing the work;
(3) the amount due Raesz under the contract is $28,000; or alternatively, (4) Raesz made
improvements accepted by Topaz and PHCG for which the reasonable value is $28,000. Raesz
also attached an affidavit to his petition and an invoice documenting various dates, costs, and brief
descriptions of work performed. 

 PHCG and Topaz first filed a general denial of plaintiff's claims; they subsequently
amended their answer twice. Their second amended answer included a general denial of plaintiff's
material allegations and a special denial of the performance of all conditions precedent, the
existence of a contract, and work performed. Attached to this answer was a verification by Greg
Cokinos, an authorized agent of PHCG, swearing that the statements in defendant's second
amended answer were true and correct. 

 Before trial, Raesz made a motion for summary judgment based on PHCG and
Topaz's failure to file a sworn pleading, verified by affidavit, denying what Raesz characterized
as a suit on sworn account. See Tex. R. Civ. P. 93(10), 185. The judge overruled Raesz's
motion. At trial Raesz alone testified; no documentary evidence, written contracts, or invoices
were entered into evidence. After Raesz rested following his case-in-chief, PHCG and Topaz
moved for judgment. (1) The trial court granted this motion and rendered a take-nothing judgment
against Raesz.

 Raesz appeals, alleging that the trial court erred (1) in denying Raesz's motion for
summary judgment; and (2) in rendering judgment against him because there was no evidence to
support the judgment or because the judgment was against the great weight and preponderance of
the evidence. We will affirm the trial court's judgment.



DISCUSSION


 Raesz first contends that he was entitled to summary judgment because he sued on
a sworn account supported by an affidavit, to which PHCG and Topaz failed to file a proper
denial. An order denying a motion for summary judgment is not appealable unless the parties
have filed cross-motions, and the court has granted one and overruled the other. See, e.g., Tobin
v. Garcia, 316 S.W.2d 396, 400 (Tex. 1958); International Union United Auto. Aerospace &
Agric. Implement Workers v. Johnson Controls, Inc., 813 S.W.2d 558, 563 (Tex. App.--Dallas
1991, writ denied); Hoover v. Barker, 507 S.W.2d 299, 303 (Tex. Civ. App.--Austin 1974, writ
ref'd n.r.e.). No motion for summary judgment was filed by Raesz's opponents or granted by the
court in this cause. Raesz's first point of error is overruled.

 Raesz's second and third points of error allege that the evidence was legally and
factually insufficient to support the trial court's take-nothing judgment against him. A trial judge
sitting as the trier of fact and law may rule on both the factual and legal issues at the close of the
plaintiff's case and can make factual findings at that time if requested by either party. Qantel
Business Sys. v. Custom Controls, 761 S.W.2d 302, 304 (Tex. 1988); Moore v. Office of Attorney
Gen., 820 S.W.2d 874, 876 (Tex. App.--Austin 1991, no writ). By granting the defendant's
motion for judgment, the trial court is presumed to have ruled on the sufficiency of the evidence. 
Qantel, 761 S.W.2d at 305; Moore, 820 S.W.2d at 876.

 Because neither party to this appeal requested findings of fact or conclusions of
law, we presume all questions of fact were resolved in support of the judgment and will affirm
the judgment on any legal theory which finds support in the evidence. Point Lookout W. v.
Whorton, 742 S.W.2d 277, 278 (Tex. 1988). When a statement of facts is brought forward,
however, these presumed findings may be challenged by both factual and legal sufficiency points
of error. Roberson v. Robinson, 768 S.W.2d 280, 282 (Tex. 1989). Raesz contends that he
established the prima facie elements of both breach of contract and quantum meruit; (2) the trial
court's verdict for PHCG and Topaz at the close of Raesz's case implies that Raesz failed to meet
his burden of proof in both causes of action. When reviewing a trial court's "failure to find" for
legal sufficiency, we first determine whether some evidence in the record supports the adverse
decision. If there is no opposing evidence, we then decide whether the proponent's evidence is
strong enough to conclusively prove the critical fact as a matter of law. Holley v. Watts, 629
S.W.2d 694, 696 (Tex. 1982). See generally William Powers, Jr. & Jack Ratliff, Another Look
at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515, 523 (1991); Michol
O'Connor, Appealing Jury Findings, 12 Hous. L. Rev. 65 (1974). Consequently, because no
opposing evidence was introduced, the record must conclusively establish each element of Raesz's
breach of contract or quantum meruit claim for him to prevail; if the evidence is insufficient on
any element, we will uphold the trial court's judgment.

 In order to establish a prima facie case for breach of contract, a plaintiff must
show that (1) a contract existed between the parties; (2) the contract created duties; (3) the
defendant breached his duty under the contract; and (4) the plaintiff sustained damages as a result
of the breach. Snyder v. Eanes Indep. Sch. Dist., 860 S.W.2d 692, 695 (Tex. App.--Austin 1993,
writ denied). Raesz failed to introduce the alleged contract into evidence. Raesz testified that the
agreement was "to install the tile" and that "once I installed the tile that they would pay me for
it, and they did." Raesz testified at length regarding "extra" work that was not contemplated
under the contract and for which he was not paid. There is no evidence in the statement of facts
that PHCG and Topaz refused to pay any portion of the services covered by the contract. Raesz
never stated that money was owed to him under the contract. Therefore, the evidence fails to
conclusively establish that PHCG and Topaz breached the contract or that Raesz sustained
damages from the alleged breach. 

 To recover under quantum meruit, a plaintiff must establish that (1) valuable
services or materials were furnished; (2) to the party sought to be charged; (3) which were
accepted by the party sought to be charged; (4) under such circumstances as reasonably notified
the recipient that the plaintiff, in performing, expected to be paid by the recipient. Heldenfels
Bros. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992). Moreover, the plaintiff must
allege and prove the reasonable value of the services performed. Salmon v. Salmon, 406 S.W.2d
949, 952 (Tex. Civ. App.--Fort Worth 1966, writ ref'd n.r.e.); Parks v. Kelly, 126 S.W.2d 534,
536 (Tex. Civ. App.--Amarillo 1939, no writ). 

 Raesz never offered the account attached to his pleading into evidence. See Howell
Petroleum v. Kramer, 647 S.W.2d 723, 725 (Tex. App.--Corpus Christi 1983, no writ) (holding
that exhibits attached to pleading that are not offered and admitted into evidence cannot be
considered as evidence). Although Raesz testified that he was repeatedly authorized to perform
extra work, he never quoted a price or testified to the value of the services he provided. After
reciting a list of extras for which he claims he was not paid, Raesz stated, "The total amount is
$28,000, and I can't think--$28,000 and something dollars." Other than this rough estimate of
what Raesz felt he was owed, there is no evidence regarding the value of the services performed. 
Raesz's testimony is not sufficient to conclusively establish a prima facie claim in quantum meruit. 
See Parks, 126 S.W.2d at 536 (plaintiff's testimony that he thought he was entitled to $30 per
month held insufficient to prove reasonable value of services performed). Because the evidence
fails to conclusively establish all elements of Raesz's breach of contract or quantum meruit claims,
we overrule his second point of error.

 When reviewing a trial court's findings to determine the factual sufficiency of the
evidence, we must consider and weigh all the evidence and should set aside the judgment only if
it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re Estate of King, 244 S.W.2d 660, 661
(Tex. 1951); see also Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex. 1986). There is no
evidence that PHCG or Topaz breached the contract or that Raesz suffered damages from a breach
of their agreement. The value of Raesz's services was not established by any competent evidence. 
Because there is no evidence establishing the prima facie elements of a breach of contract or
quantum meruit claim, the judgment is not so against the overwhelming weight of the evidence
as to be wrong or unjust. We overrule Raesz's final point of error and affirm the trial court's
judgment.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: March 8, 1995

Do Not Publish 

1.   Defendants moved for a directed verdict at the close of plaintiff's case. Although we
recognize that the terms directed or instructed verdict are commonly used even in non-jury trials, the proper motion is one for judgment. A judge cannot direct himself to
render a verdict, but rather renders a judgment against the plaintiff who has failed to
meet his burden of proof. McDaniel v. Carruth, 637 S.W.2d 498, 505 (Tex. App.--Corpus
Christi 1982, no writ).
2. [2]  In his first point of error, Raesz assigned error to the trial court's denial of his motion
for summary judgment based on appellees' failure to file a sworn denial of his suit on sworn
account. However, in his second and third points of error, Raesz does not discuss sufficiency
of the evidence regarding the prima facie elements of a suit on account. Consequently, we do
not address this theory.