11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In re Mexican Restaurants, Inc. d/b/a Casa Ole´ Restaurant,

Diamond Vinson, and Jerry McCord

 

Nos. 11-04-00154-CV &
11-04-00155-CV -- Original Mandamus Proceedings

 

 

Elizabeth
Kamali and Tab Kamali, as next friend of Priscilla Kamali, filed suit against
Mexican Restaurants, Inc. d/b/a Casa Ole´ Restaurant, Diamond Vinson, and Jerry
McCord alleging sexual harassment, assault and battery, illegal restraint, as
well as other tort and statutory claims. 
In each cause number, the trial court denied the Restaurant=s motion to reconsider compelling
arbitration.  The Restaurant challenges
the trial court=s orders
by writ of mandamus.  We deny the writs
of mandamus.

Elizabeth
Kamali and Priscilla Kamali both signed an arbitration agreement with the
Restaurant as part of an employment agreement. 
The arbitration agreement provided that the Federal Arbitration Act[1]
shall apply to all disputes arising under the agreement.  Relief from a denial of arbitration under the
Federal Arbitration Act must be pursued by mandamus.  EZ Pawn Corporation v. Mancias, 934
S.W.2d 87, 91 (Tex.1996).  Mandamus will
issue only to correct a clear abuse of discretion when there is no adequate
remedy by appeal.  See Mitchell Energy
Corporation v. Ashworth, 943 S.W.2d 436, 437 (Tex.1997); Walker v.
Packer, 827 S.W.2d 833, 839 (Tex.1992). 
A trial court abuses its discretion when it does not follow guiding
rules and principles and reaches an arbitrary and unreasonable decision.  Walker v. Packer, supra.








At
the time they signed their respective arbitration agreements with the
Restaurant, Elizabeth was 17 years old and Priscilla was 15 years old.  With the exception of a limited type of
contract, the contract of a minor whose disability has not been removed is not
void, but voidable at the minor=s
instance.  Pioneer Casualty Company v.
Bush, 457 S.W.2d 165, 168 (Tex.Civ.App. ‑ Tyler 1970, writ ref=d n.r.e).  A Achild@ or Aminor@ is defined as a person under 18 years
of age who is not and has not been married or who has not had the disabilities
of minority removed.  TEX. FAM. CODE ANN.
' 101.003(a)  (Vernon 2002).  Elizabeth and Priscilla were minors at the
time they entered into the arbitration agreement with the Restaurant.  The Restaurant contends that, although
Elizabeth and Priscilla were minors at the time they signed the arbitration
agreement, they had been emancipated.

A
minor may petition to have disabilities removed for limited or general
purposes.  TEX. FAM. CODE ANN. ' 31.001 (Vernon 2002).  The record does not indicate that the
disabilities of either Elizabeth or Priscilla were removed by a court order
pursuant to Section 31.001.

Whether
a minor has been emancipated is ordinarily a fact question to be determined
from the statements and conduct of the parent and other surrounding
circumstances.  Durham v. I. C. T.
Insurance Co., 283 S.W.2d 413, 415 (Tex.Civ.App. ‑ Dallas 1955,
writ dism=d).  Elizabeth and Priscilla lived together in an
apartment after their family was evicted from their previous residence for
failure to pay the rent.  Elizabeth and
Priscilla paid the rent for their apartment and also helped support their
father and stepmother.  Elizabeth has a
son, and she is the sole provider of support for her son.  Emancipation, either express or implied,
constitutes only an agreement by the parent to relinquish his parental rights
to control the minor and to the minor=s
services and earnings. Pioneer Casualty Co. v. Bush, supra.  The record does not establish that Elizabeth
and Priscilla=s father
relinquished his rights to control them or their earnings. 

Even
though Elizabeth and Priscilla lived apart from their father in their own
apartment, they continued to turn their paychecks over to him, and they
received an allowance.  Elizabeth stated
that her father did not relinquish control over her.  Although Elizabeth and Priscilla were able to
provide for their own support, their father continued to exercise control over
them and their earnings.  The record does
not show that Elizabeth and Priscilla were emancipated.








The
contracts of a minor are voidable; and the minor may, within a reasonable time
after reaching his majority, set aside such contracts.  Prudential Building & Loan Ass=n v. Shaw, 26 S.W.2d 168, 171
(Tex.1930); see also Dairyland County Mutual Insurance Company of Texas v.
Roman, 498 S.W.2d 154, 158 (Tex.1973). 
Elizabeth and Priscilla disaffirmed their respective employment
contracts with the Restaurant by ending their employment and filing suit
against the Restaurant.  Elizabeth and
Priscilla further disaffirmed their arbitration agreements by seeking to avoid
arbitration and proceed to a trial of the cause.[2]  See Hogue v. Wilkinson, 291 S.W.2d 750
(Tex.Civ.App. - Texarkana 1956, no writ). 
The Restaurant has not shown that the trial court clearly abused its
discretion in denying its motions to reconsider compelling arbitration.

The
Restaurant=s
petitions for writ of mandamus are denied.

 

JIM.R.WRIGHT

JUSTICE

 

December 2, 2004

Not designated
for publication.  See TEX.R.APP.P.
47.2(a).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1]9 U.S.C. ' 1 et
seq.





[2]By letter dated July 30, 2002, Elizabeth and Priscilla
notified the Restaurant that they would not agree to arbitration and that they
sought to disaffirm the arbitration agreement. This letter is contained as an
appendix to the brief of Elizabeth and Priscilla and is not part of the record
on appeal.